Walling *v.* Walling.

---

## Gershom D. Walling *vs.* Elizabeth Walling.

1. In an application for alimony *pendente lite*, the case must be taken most strongly against the petitioner. The burthen of proof is upon her.

2. All the facts upon which an order for alimony is founded, must be proved. The order must not rest upon mere presumption or conjecture.

3. Where the circumstances upon which a proper adjustment of alimony materially depends, do not appear in the petition, a reference to a master will be ordered, to ascertain the real facts of the case.

2 K*

Walling *v.* Walling.

4. Under the special circumstances of this case, the question was disposed of upon the facts stated in the petition, without a reference.

*Bedle,* for petitioner.

*H. S. Little,* for complainant, contra.

THE CHANCELLOR. The complainant filed a bill against his wife for divorce, on the ground of desertion. The wife, having answered, asks an allowance for alimony *pendente lite,* and for counsel fee and expenses. The application is submitted without argument, upon the facts contained in the petition.

The materials for an intelligent and satisfactory disposition of the question are not before the court. All the material facts that are disclosed are, that the husband and wife have been living separate for some years. The wife (with two daughters, one seventeen and the other fifteen years of age) residing with her father, and mainly supporting herself by her own industry. The husband possessed of real and personal estate valued at $3500. Whether the daughters are accustomed to labor, and able to maintain themselves by their industry; whether the property of the husband is productive or unproductive; whether he is engaged in business, or has other sources of income, does not appear. Upon these circumstances the proper adjustment of alimony would materially depend.

The case must be taken most strongly against the petitioner. The burthen of proof is upon her. All the facts upon which the order for alimony is founded must be proved. The order must not rest upon mere presumption or conjecture.

The case then is, that the parties are in humble life, the wife accustomed to labor, and both she and her daughters able to provide for their own maintenance. The husband possessed of real and personal property to the value of $3500, consisting probably of a home and furniture, totally unproductive, or if the whole amount be ordinarily productive, furnishing an income not exceeding $200 per annum,

with no trade or business, and no other source of income, or means of support. Under such circumstances, justice requires that a very moderate allowance be made for alimony. An allowance which, under other circumstances, would be very small, would prove ruinous to the husband. If the wife was in feeble health, or otherwise incapable of supporting herself, if either of her daughters were dependent upon her for support or education, if the husband's property was productive, if he was engaged in profitable business, or possessed of any other source of income, the case would be totally altered. It is, obviously, a proper case for a reference to a master, to ascertain the real facts of the case.

But as the parties desire a decision of the court without the expense of a reference, and as the legal presumptions upon which the decision must rest, are probably in accordance with the real facts of the case, the question is disposed of upon the facts stated in the petition, without a reference.

An allowance will be made of two dollars per week for alimony, and thirty dollars for counsel fee and expenses. The alimony to commence on the fourteenth of August, 1863, the day of filing the petition, and to be paid quarterly.