BENJAMIN FREEMAN

*v.*

URILLA FREEMAN.

1. The same woman cannot be the wife, either *de jure* or *de facto*, of two different husbands at the same time.

2. An order for alimony and counsel fees *pendente lite* can only be made in favor of a person .appearing to be the wife of the other party to the suit.

3. When, in. answer to the allegation of marriage, facts are stated showing that the party claiming to be the wife of the other party was not competent, when the marriage took place, to contract matrimony, and did not thereby become a wife, such facts must, in order to entitle the applicant to an order for alimony and counsel fees *pendente lite*, be denied or explained to the satisfaction of the court.

4. The court, in deciding whether an order for alimony and counsel fees. shall be made or not, must, as in other cases, proceed only upon legal. evidence,. and reject hearsay and any other species of illegal evidence.

---

On hearing on petition, notice and affidavits.

*Mr. Clarence Linn,* for the complainant.

*Mr. Theodore Ryerson,* for the defendant.

VAN FLEET, V. C.

This is an application for alimony and counsel fees *pendente lite.* The complainant sues to obtain a decree declaring void *ab initio* a marriage ceremony performed betweeen the defendant and himself, on the ground that when the ceremony was performed the defendant was incapable of contracting a valid marriage with him, because she was then the wife of another man. The defendant admits that, prior to her marriage to the complainant, she married a man by the name of Evans, at her aunt's house in Dayton, Ohio, who was still living when she married the complainant. But she claims, notwithstanding such prior marriage, that she is, nevertheless, the lawful wife of the complainant, for she says that when she married Evans he was incapable of contracting a valid marriage with her, because he was then the husband of another woman. With the case in this position, it will be perceived that the fact on which the complainant's action rests stands confessed, and that the effect of this confession, both in logic and law, is to shift the controversy, at least for the purposes of the present application, from the matrimonial capacity of the defendant, when she married the complainant, to the matrimonial capacity of Evans when the defendant married him. If Evans was a single man when the defendant married him, nothing can be more certain than that the defendant is not now, and never has been, the lawful wife of the complainant. It is among the things that are clearly impossible, as a matter of law, that the same woman should be the wife, either *de jure* or *de facto,* of two different husbands at the same time. The law does not recognize polygamy in any form or under any circumstances.

An order for alimony and counsel fees *pendente lite* can only be made in favor of a wife. That is the only foundation on which such an order can rest. If it were not so, " every man," as Chancellor Zabriskie said in *Vreeland* v. *Vreeland, 3 C. E.*

*Gr. 43, 45,* " might be made to pay the expenses of any woman who claimed him as her husband, and sues for maintenance and to support her as long as the suit could be spun out." In my judgment, the court of appeals of New York laid down the correct rule on this subject in *Collins* v. *Collins, 71 N. Y. 270, 274.* It was there said : " When, in answer to the allegation of marriage, facts are stated showing that the applicant was not competent to contract such marriage, and did not thereby become a wife, such facts should be denied or explained to the satisfaction of the court. If left uncontroverted, the court is not justified in making the order." Here there is no denial that the defendant had contracted a prior marriage and that the husband she then took was still living when she married the complainant, but it is said that the man she first married did not become her husband because at the time of their marriage he was the husband of another woman. But this fact is not proved. The evidence offered to prove it consists almost entirely of hearsay. There is not a word of legal proof tending to show a prior marriage by Evans, or that he was the husband of another wife when he married the defendant. The defendant is the only person who speaks under oath on the subject. She says that she was present in March, 1887, when Evans was arrested in New York city on a charge of abandoning another woman, who claimed to be his wife; that Evans subsequently confessed to her that he had, many years before, married a woman by the name of Davis in Baltimore, Maryland, and that the marriage ceremony had been performed by an Episcopal clergyman who was then dead. She also says that she has made diligent efforts, by advertising and otherwise, to ascertain the facts respecting Evans's prior marriage, but has been unable to do so ; so that, according to her own statement, she is not only without proof of a prior marriage by Evans, but she has been unable to discover whether what he confessed was true or false. This is everything, in the nature of proof, going to show that Evans had another wife living when he married the defendant. The evidence on the vital point consists, it will be observed, of the unsworn statements or confession of Evans. No prior marriage by Evans is proved, either by

Freeman *v.* Freeman.

·direct evidence or by proof of cohabitation and reputation; not even a copy of the proceeding alleged to have been instituted .against him in New York city has been put in evidence. There is absolutely no proof whatever that he had another wife living when he married the defendant. On the case as it now stands, in a suit strictly *inter partes,* the complainant would unquestion- .ably be entitled to prevail.

This case differs in a highly important particular from *Van- .dergrift* v. *Vandergrift, 3 Stew. Eq. 76.* There the point in dispute was, whether or not the defendant's first husband was still living when she married the complainant. The complainant said he was and the defendant he was not. There were *ex parte* affi- ·davits supporting, in a greater or less degree, each of these con- ,flicting affirmations. With the case in this situation, it will be observed that the fact constituting the very foundation of the ·complainant's action was not only not admitted, but denied; he was still bound to prove it; the burden of proof was still on him, and unless his proof, in demonstration of such fact, was ·not only sufficient in weight to establish it, but also to overcome ·the defendant's counter proofs, he could not succeed in his .action. Here, on the contrary, the fact constituting the founda- ·tion of the complainant's action is admitted. It is neither denied nor disputed that the defendant had contracted a prior ·marriage, and that the husband she took by such prior marriage was still living when she married the complainant. She has ·placed herself in this position—she confesses the fact on which the complainant's action rests, and then attempts to avoid the ·effect of her confession by the introduction of a new fact, but she leaves such new fact wholly unsupported by proof. She ·does not produce a shred of legal evidence tending to show that the new fact, put forward in avoidance of the fact confessed, has :the slightest foundation in truth. The difference between the two cases is wide and vital. Here, on the proofs as they now ·stand, it appears that the defendant is not the wife of the com- plainant; while in *Vandergrift* v. *Vandergrift* the main point in ·contest was, whether or not the defendant was the wife of the ·complainant—there was evidence supporting both sides of that

issue, and it was uncertain which claim was true, and doubtful on which side the evidence would ultimately preponderate.

I think I ought also to say that the weight of the evidence, now before the court, imputes declarations and conduct to the defendant which go very far to justify the belief that this application is not made in good faith, under an honest belief that she has a defence to the action. It is not, however, on this ground that her application is denied, but on the ground that the proofs, in their present condition, show that she is not the complainant's wife.