PETER G. POLHEMUS, complainant and appellant,

*v.*

THE HOLLAND TRUST COMPANY, defendant and respondent.

[Argued June 27th, 1900.    Decided November 19th, 1900.
Filed November 20th, 1900.]

1. Annulment of a contract induced by fraudulent misrepresentation may be decreed in equity, but for recovery of damages sustained through such misrepresentation, the exclusive remedy in this state lies with the law courts.    The case of *Krueger* v. *Armitage, 13 Dick. Ch. Rep. 357*, approved.

2. A complainant appealing from a decree in chancery is not aggrieved by a failure or refusal to grant relief upon matters disclosed in evidence that are not within the scope of the bill.

3. If a mortgage trustee, without proper certificate, authenticate and issue bonds that by the terms of the trust are issuable only on a certificate to the trustee by the mortgagor that their amount has been expended on the mortgaged premises, when, in fact, such amount has not been so expended, a court of equity should decree that the trustee put the holder of such bonds in as good a position as if a certificate proper in form and true in fact had been given.

4. Answering fully, on the merits, a bill in chancery submits the defendant to the jurisdiction of the court, notwithstanding any objection to jurisdiction over the defendant reserved in the answer.

On appeal from a decree advised by Vice-Chancellor Reed, whose opinion is reported in *14 Dick. Ch. Rep. 93.*

*Mr. John S. Voorhees,* for the appellant.

*Mr. Washington B. Williams,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

The elements of this controversy are sufficiently stated in the opinion of the learned vice-chancellor.    We have not found it

needful to determine whether or not the business transacted with the complainant in this state was authorized by the defendant, because we think that if it was not, the court of chancery, for reasons to be hereinafter stated, had, nevertheless, jurisdiction over the defendant. As to the principal claim for relief made by the complainant, we agree with the vice-chancellor in holding that the defendant had no trust for the sale of bonds, and that mere recovery of damages, sustained through alleged fraudulent misrepresentation, cannot be effected in the court of chancery. The annulment of a contract induced by such misrepresentation may be decreed, but for the recovery of damages the exclusive remedy in this state lies with the law courts. We approve, on this subject, the doctrine declared by Vice-Chancellor Emery, in *Krueger* v. *Armitage, 13 Dick. Ch. Rep. 357,* followed in this case. We have, therefore, not considered whether any misrepresentation was, in fact, made by anyone acting for the defendant.

As to the claim that the complainant is entitled to relief because of the omission of the defendant to secure subrogation, in the New York foreclosure, to the rights of the Terwilliger bonds taken up by new bonds, and as to the claim, first advanced in this court, that the complainant is entitled to a share of $342 held by the defendant to meet coupons due March 1st, 1892, it is sufficient to say that neither object is within the grounds of relief alleged in the bill. A complainant appealing from a decree in chancery is not aggrieved by a failure or refusal to grant relief upon matters disclosed in evidence that are not within the scope of the bill.

With respect to the claim for indemnity for the issue of bonds numbered from sixty-one to sixty-four, inclusive, without due certificate from the mortgagor, we agree with the learned vice-chancellor that such authentication and issue were a breach of duty, for which the defendant, as trustee, should be held responsible, but we differ with him both as to that claim being within the scope of the bill and as to the court having jurisdiction to decide it. The bill alleges that the money realized from the sale of bonds was not applied

"after and upon the certificate of the board of directors of said gas light company that an amount equal to the amount of bonds issued had been actually expended by said company for extensions and permanent improvements of its plant."

Particular answer is prayed and given as to

"what proofs or certificates, if any, were made by the directors of said Ellenville Gas Light Company of what money had been expended in such extension and permanent improvements,"

and there is a prayer for general relief. The allegation of the bill is not quite apposite to the true ground of relief, but it is plain that the claim in question was fairly involved in the suit.

That the certificates of January 8th, 1891, on which the defendant, as trustee under the mortgage, authenticated and delivered the bonds in question, were not in conformity with the requirement of the mortgage is unquestionable. The requirement was of a certificate of a resolution of the board of directors of the mortgagor, the Ellenville Gas Light Company, showing that the company had actually expended in extensions and permanent improvements to its works and systems of mains and pipes a sum of money not exceeding $12,500, on which the trustee should deliver to the company as many bonds as should equal the sum of money so expended. The following is the certified resolution, on which two of the complainant's bonds were, in fact, delivered, and the other is in almost identical form:

"At the meeting of the trustees of the Ellenville Gas Light Co., held on this date, it was resolved that the treasurer is hereby instructed to draw one thousand dollars of the bonds of this company in the hands of the Holland Trust Company for improvements, the improvements to that amount having been placed therein."

By no ingenuity can this resolution be construed as declaring that the sum stated therein had been expended in extensions or permanent improvements on the gas company's works or system of pipes, and, in fact, nothing at all had been so expended since the last delivery of bonds on that account.

The trustee, therefore, failed in its duty to the persons who might purchase those bonds, and the proper measure of relief

to be granted in the present case would seem to be that the defendant, being such trustee, should be compelled to put the complainant, being the purchaser, in as good a position as he would have been in had the certificate been proper in form and true in fact.

On the question of jurisdiction we think that, by answering in full on the merits, although attempting to reserve the objection pleaded, the defendant submitted itself to the court. Such, undoubtedly, is the general rule. In *Livingston's Executrix* v. *Story, 11 Pet. 351,* the supreme court of the United States held that, by answering on the merits, a defendant who, by reason of non-residence, was not suable in the circuit where sued, had submitted to the jurisdiction of a United States circuit court in equity, although in his answer he had alleged the facts as to his residence and had protested against the jurisdiction, and although a general regulation of United States equity practice provided that a defendant, instead of filing a plea, might insist on special matter in his answer and have the same benefit as if he had pleaded the same. The court held that the regulation was not applicable to pleas to the jurisdiction, but only to pleas on the merits, and was merely affirmative of the general rule of chancery. In the case in hand the defendant did file a plea to the jurisdiction, which was afterwards overruled, and now claims that its answer, although filed long after, was only an answer "in support of" the plea. There can be no answer in support of a plea to the jurisdiction of the court over the defendant. The function of such an answer is to respond to allegations or interrogatories in the bill germane to the facts pleaded and calculated to overcome their force as a defence. *1 Dan. Ch. Pr. & Pl. 615, 616.*

It is urged that the plea overruled in this case was not strictly one to the jurisdiction, but was anomalous in involving, to some extent, the merits of the controversy. Even so, no answer in support of it was needed. An answer in support of a plea should be limited to the discovery sought on the subject of the plea (*Id. 617*), and there was none sought on that subject in this case. The answer was to the whole bill and each part of it, and must stand on the footing of an answer on the merits. If

42

the plea was wrongly overruled, the remedy was by appeal; if rightly overruled, the answer still stood. The defendant did not appeal, but voluntarily submitted to a trial on the merits under its answer and a general replication. It could not, on final hearing, object to the jurisdiction to which it had submitted.

Let the decree to dismiss the bill be reversed, and let the cause be remitted to the court of chancery to be referred to a master to ascertain how much, if anything, the complainant would have realized upon his bonds, numbered sixty-one to sixty-four, if $2,000 had been expended in permanent improvements upon the mortgaged premises after the previous issue of the same series and before January 8th, 1891; and on the coming in of such report, let a decree be made accordingly, with costs to the complainant.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES—11.

*For affirmance*—None.