Annie A. Redrow

*v.*

J. Katherine Sparks et al.

[Argued March 22d, 1909.   Decided March 22d, 1909.]

1. If a paragraph of an answer praying the benefit of a demurrer is immaterial to the case, it will be deemed impertinent and may be stricken out on motion.

2. A paragraph in an answer to a cross-bill cannot be treated as a demurrer to the sufficiency of the cross-bill, where it fails to comply with *P. L. 1902 p. 518 § 22*, requiring demurrers in chancery to have annexed thereto an affidavit that it is not interposed for delay, and a certificate that the demurrer is well founded.

3. When a bill is insufficient on its face to support equitable jurisdiction or relief, it should be demurred to, though defendant may answer; but, if on final hearing the bill is found insufficient, costs may be denied him through his failure to demur, and in that manner avoid the necessity of a hearing.

4. Equity can enforce a legal right the existence of which is clear and not in substantial dispute, but not where it appears that the legal right is not clear either through substantial dispute touching the facts on which it is based, or uncertainty touching the legal rules under which the right is claimed.

5. Prayer, in an answer, for the benefit of a demurrer for the want of equity jurisdiction, is proper where the answer and final hearing is necessary to accurately determine the question of jurisdiction.

6. Defendant cannot answer and demur to the same part of a bill.

7. On bill to foreclose a purchase-money mortgage made by defendant, equity has jurisdiction of a cross-bill to rescind the contract of purchase. for complainant's fraud in inducing it.

8. Complainant sues to foreclose a purchase-money mortgage. Defendants filed a cross-bill to rescind the contract of purchase for complainant's fraud in misrepresenting that she had a marketable title. Complainant answered the cross-bill, denied fraud, and prayed the benefit of a de-

murrer because of an adequate remedy at law.—*Held*, that the answer was proper pleading, since, on cross-complainant's failure to establish the fraud, equity jurisdiction would fail because of a remedy at law on the covenants in the deed.

On motion to strike out part of answer.

The bill is filed to foreclose a purchase-money mortgage made by defendants to complainant. Defendants have filed a cross-bill in which they state that the premises in question were conveyed to them by complainant, and that the purchase-money mortgage was executed by them to complainant as stated in the bill, but aver that complainant was at the date of the conveyance without a marketable title to the land so conveyed, and also that a mortgage existed against the land at the date of the conveyance to defendants; and that complainant, well knowing the existence of the mortgage and defective title, fraudulently represented to defendants that her title was perfect and marketable and unencumbered with a purpose to induce defendants to take title without an examination of the records, and that by reason of such fraudulent representations defendants accepted the conveyance and executed the purchase-money mortgage in question and the bond which the mortgage secures, and paid to complainant the balance of the purchase price by conveying to complainant a certain other tract of land. The cross-bill prays that the bond and mortgage so executed to secure the payment of a part of the purchase price may be canceled, and that the tract of land which was conveyed to complainant in payment of the remaining part of the purchase price may be reconveyed to defendants, and that defendants may be permitted to reconvey the mortgaged premises to complainant. Complainant's answer to the cross-bill denies the misrepresentations and fraud set forth in the cross-bill, and denies any knowledge of the prior mortgage or defects in title. The answer to the cross-bill also contains a paragraph asserting that all matters in the cross-bill mentioned and complained of are matters which may be tried and determined at law, and with respect to which the cross-complainant is not entitled to any relief in this court, and prays the benefit of that defence to the same extent as though the cross-bill had been demurred to.

Cross-complainant now moves to strike out that paragraph of the answer to the cross-bill which prays the benefit of a demurrer.

*Mr. Joseph J. Summerill,* for the motion.

*Mr. G. Dore Cogswell,* opposed.

LEAMING, V. C.

If the paragraph of the answer praying for the benefit of a demurrer, against which the present motion is directed, cannot be regarded as material to the case under any possible circumstance or contingency, it will be deemed impertinent and may be stricken out. *Story Eq. Pl.* § *863.* It is manifest that the paragraph in question cannot be treated as a demurrer which is filed to test the sufficiency of the cross-bill, for it fails to comply with the provisions of our statute touching demurrers. *P. L. 1902 p. 518* § *22.* There are, however, instances in which advantages have been extended to or denied defendants by reason of the existence or non-existence of a paragraph in the answer praying for the benefit of a demurrer; and such examination of the authorities as I have been able to make leads me to the conclusion that such a paragraph may or may not be regarded as material by reason of special circumstances which may or may not enter into individual cases. When a bill is insufficient on its face to support equitable jurisdiction or relief it should be demurred to. Defendant may in such case answer, but if on final hearing the bill is found insufficient, costs may be denied to defendant by reason of his failure to demur, and in that manner avoid the necessity of a hearing. *Dan. Ch. Pl. & Pr. 542.* Cases may arise, however, in which the jurisdiction of a court of equity can only be accurately measured by the ascertainment of matters which may be appropriately contained in an answer. Thus, a court of equity has jurisdiction to enforce a legal right, the existence of which is clear and not in substantial dispute; but the jurisdiction fails when it is made to appear that the legal right is not clear, either by reason of substantial dispute touching the facts on which it is based or uncertainty touching the legal rules on which the right is claimed. In cases of that class an answer and

final hearing may be necessary to accurately determine the question of jurisdiction. The propriety of a prayer in an answer, in a case of that nature, for the benefit of a demurrer for want of equitable jurisdiction is manifest, and has been recognized by our court of errors and appeals in *Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507, 513,* and in *Outcalt* v. *Helme Company, 42 N. J. Eq. (15 Stew.) 665, 667.* In the former case, the bill was retained while legal title could be established at law, because no denial of jurisdiction was asserted by the answer; in the latter case, the bill was not retained because defendant had asserted, by his answer, the want of jurisdiction. In *Dan. Ch. Pl. & Pr. 715,* the following statement is made:

"Where the same benefit has been claimed, by answer, that the defendant would have been entitled to if he had demurred to the bill, or pleaded the matter alleged in his answer in bar, it is only at the hearing of the cause that any such benefit can be insisted upon; and then the defendant will, in general, be entitled to the same advantages of this mode of defence that he would have had if he had adopted the more concise mode of defence, by demurring or pleading."

The special circumstances giving the privilege of this mode of defence in lieu of a plea are referred to by the author above quoted (at *p. 714*) ; no reasons are given in support of the practice in lieu of a demurrer. But *Wray* v. *Hutchinson, 2 My. & K. 235,* and *Milligan* v. *Mitchell, 1 My. & C. 446,* cited in support of the text above quoted, disclose the special circumstances under which the practice was approved. In the former case, the amended bill was demurrable, but contained scandalous matter which defendant desired to answer; defendant accordingly answered and prayed the benefit of a demurrer. On dismissal of the bill costs to defendant were resisted because defendant had answered and had not regularly demurred. By reason of these peculiar circumstances of the case, costs were allowed to defendant. *Milligan* v. *Mitchell* was decided on authority of *Wray* v. *Hutchinson.* The other cases in this state which have been brought to my attention touching this subject are *Gifford* v. *Thorn, 7 N. J. Eq. (3 Halst.) 90, 97; Reed* v. *Cumberland Insurance Co , 36 N. J. Eq. (9 Stew.) 146, 152; Bennett* v. *Bennett, 63 N. J. Eq. (18 Dick.) 306; Veghte* v. *Raritan Water*

*Power Co., 19 N. J. Eq. (4 C. E. Gr.) 143, 145.* In the latter case, Chancellor Zabriskie, after defining the well established rule of equity pleading to the effect that a defendant cannot answer and demur to the same part of a bill, and that the answer over-rules a demurrer, says: "This rule would be nugatory if the answer could in all cases state the objection, and pray the same advantage as if taken by demurrer. The whole bill, or any part of it, could in this way be demurred to in an answer."

I am convinced that the practice which is challenged by the present motion cannot be properly sustained unless some special circumstances of the case are found to justify it. In the present case, the cross-bill is clearly self-sufficient. It seeks the rescission of a contract made by the parties and the restoration to them of their original properties. The ground of the relief sought is that cross-complainant was fraudulently induced to enter into the con-tract. This court has jurisdiction to entertain such a bill and to administer complete relief if the fraud is established, even though a remedy at law may exist. *Hubbard* v. *International Mercantile Co., 68 N. J. Eq. (2 Robb.) 434; Eggers* v. *Anderson, 68 N. J. Eq. (18 Dick.) 264, 269; 1 Story Eq. Jur. § 208.* But the an-swer to the cross-bill denies the misrepresentations and asserts that no prior encumbrance or defect of title was known to com-plainant. If cross-complainant should fail at the hearing to establish the fraud alleged, equity jurisdiction would be lost in a case of this nature, because of the remedy at law on the cove-nants in the deed of conveyance. As the objection to jurisdiction on the ground of an adequate remedy at law is an objection which should be in some form asserted by a defendant (*Gifford* v. *Thorn, supra*), I think that the peculiar circumstances of this case referred to fully warrant the practice which the pleader has adopted of inserting in the answer in connection with the denial of fraud the prayer for the benefit of a demurrer by reason of an adequate remedy at law.

I will advise an order denying the motion to strike out.