Seymour J. Baum et al., complainants-appellants,

*v.*

David Canter, defendant-respondent.

[Submitted February term, 1928.   Decided January 30th, 1929.]

*Messrs. O'Brien & Tartalsky,* for the appellants.

*Mr. Louis Liebowitz* (*Mr. Samuel Milberg,* of counsel), for the respondent.

The opinion of the court was delivered by

Lloyd, J.

The bill of complaint in this case was filed by the vendors to compel the performance of an agreement for the sale by complainants to defendant of a lot of land in the township of Englewood.   The bill set out the agreement to convey by warranty deed and averred that the complainants were seized of the lot in fee-simple.   By way of anticipating a possible defense it was also averred that complainants' title was derived from one Edmund Schaffer and his wife Bessie by quit-claim

deed for a valuable consideration, and that at the time of making the conveyance Edmund Schaffer was seized in fee-simple of the premises and intended by the deed to convey his interest therein to the complainants. On a motion by the defendant to that end the vice-chancellor struck out the bill on the ground that it failed to state a cause of action and the complainants appeal.

The ground stated in the opinion and urged in the argument of respondent in this court to justify the order is that the quit-claim deed could not confer on the complainants a marketable title, and the case of *Meeks* v. *Bickford, 96 N. J. Eq. 321,* is cited to support this conclusion.

The averments of the bill for the purpose of the motion must be taken as verity and in their entirety. The legal inference to be drawn from the averment that complainants' title was derived by quit-claim deed is that it conferred on the grantee such title (but such title only) as the grantors possessed at the time of the conveyance. *18 C. J. 156; Van Rensselaer* v. *Kearney (U. S.), 11 How. 297; Butrick* v. *Tilton, 141 Mass. 93; Havens* v. *Sea Shore Land Co., 47 N. J. Eq. 365; 8 R. C. L. 1025,* where it is said that "the modern rule may be said to be that a quit-claim deed is as effectual to convey land as any other conveyance."

The case of *Meeks* v. *Bickford, supra,* is not at variance with this statement of the law. There the grantor had already parted with his title when the quit-claim deed was made. The question involved was whether a conveyance by quit-claim deed from a grantor who had already parted with his title (through unrecorded conveyance) conferred the title which he formerly possessed on his grantee in view of such non-recording, and it was held that it did not; the rationale of which was that one who takes title in that manner is put on notice that he gets only the interest that the grantor at the time possesses, and that he cannot rely on the recording acts for his protection. The present writer taking the view that one acquiring the title of a grantor by any instrument sufficient for that purpose gets only the interest that the vendor has and is entitled to

rely on the recording acts for his protection, dissented from the decision in that case. (The authorities on this question are cited and elaborately discussed in *27 R. C. L. 732.*) Here the facts averred, differing radically from those in the case cited, are not only the giving of the quit-claim deed for which complainants had paid a valuable consideration, but that at the time the deed was executed the grantor was seized of a fee-simple estate in the land. If these facts can be established by the evidence exacted to justify specific performance of contracts for the conveyance of real estate complainants will have standing in a court of equity and should be permitted to present their proofs.

The order striking out the bill of complaint was, therefore, error, and it is accordingly reversed.

*For affirmance*—HETFIELD, J. 1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ. 12.