Complainants seek specific performance of an agreement by defendant to purchase certain real estate. The sole defense *Page 80 
is the claim of defendant that title is defective because complainants derived title as to most of the property in question through a quit-claim deed dated April 5th, 1887, recorded April 4th, 1888, executed by three individuals who owned undivided interests in the property.
Most of the relevant facts were stipulated by the parties and some testimony was taken at the hearing. On April 2d 1885, Naomi C. Banta owned the premises in question and on that day she died, a widow, leaving five children, each of whom inherited from her an undivided interest in the premises. One of these children soon after died without issue and her husband, who survived her, transferred her interest to another child. Of the four remaining children three of them, namely, Jacob V. Banta and his wife, John C. Banta and his wife and Naomi C.E. Zabriskie, by quit-claim deed in question, quit-claimed the premises to Eleanor V. Christie, a widow, who was then the fourth surviving child of Naomi C. Banta. At the time of the execution of this deed Naomi C.E. Zabriskie was married to Jacob C. Zabriskie, who had not joined in the deed of April 5th, 1887, but on October 24th, 1887, Naomi C.E. Zabriskie secured a final decree of divorce from Jacob C. Zabriskie, who died in June, 1930.
It appears from the testimony of John C. Banta, one of the children of Naomi C. Banta and one of the grantors of the quit-claim deed in question, that his mother left several pieces of property which were divided up among her four children at the same time this deed was executed, and that similar deeds were made out and executed for the property respectively agreed to be taken by each. This establishes an actual consideration for the deed in question apart from the consideration of two dollars ($2) therein expressed. There is no question but what Eleanor V. Christie, as well as each of the grantors, had an interest in the property, namely, the undivided interest inherited from their mother.
In my opinion, under these circumstances the quit-claim deed of April 5th, 1887, was a valid conveyance to Eleanor V. Christie. There have been cases in this state where a quit-claim *Page 81 
deed was held not to have conveyed land, but they have all been cases in which either the grantor or the grantee had no interest in the property or where there was no consideration for the deed.
In the case of Meeks v. Bickford, 96 N.J. Eq. 321, the grantor had already parted with his title, although by an unrecorded deed.
In Havens v. Seashore Land Co., 47 N.J. Eq. 365, a quit-claim deed was given effect as a bargain and sale deed because founded upon an expressed consideration.
In Baum v. Canter, 104 N.J. Eq. 224, the court of errors and appeals has definitely laid down the rule which is applicable to the present cause. The court here cites with approval a statement that the modern rule may be said to be that a quit-claim deed is as effectual to convey land as any other conveyance. The matter came before the court on a motion to strike out the bill of complaint in an action to compel specific performance, in which complainants, in anticipation of a possible defense, averred that the title was derived by a quit-claim deed for which a valuable consideration had been given, and that at the time of the execution of the deed the grantor was seized of a fee-simple estate in the land. The court held that the establishment of these facts would entitle the complainants to the specific performance. The present case is clearly within the rule laid down by the court of errors and appeals.
Since the only ground on which specific performance is resisted is that title of complainants is based upon a quit-claim deed, and this ground is clearly untenable, there is no such reasonable doubt as to the title as would justify the court in withholding specific performance. Complainants offered to prove that the title of complainants is also good by adverse possession for more than thirty years, but in view of the validity of the title under the quit-claim deed, such evidence would be superfluous. Accordingly, a decree directing such performance will be advised. *Page 82