The motion for alimony pendente lite will be denied.
The language of the present chancellor, then a vice-chancellor, in Suydam v. Suydam, 79 N.J. Eq. 144 (at pp. 148 et seq.), is so applicable to the case at bar that I use it in full:
"The rule deducible from these cases seems to be that as well in cases for divorce a mensa et thoro as in those for alimony pure and simple, where the wife has in fact left the husband on account of his alleged derelict conduct, her application *Page 209 
for alimony and counsel fee pendente lite will be scrutinized and decided upon the weight of the testimony then presented and the rules of law applicable thereto, just as other litigated motions are decided, even though she be a favored suitor. Still I do not think that what Chancellor Green said in Walling v.Walling, 16 N.J. Eq. 389, that on application for alimonypendente lite the case must be taken most strongly against the petitioner and that the burden of proof is upon her, was intended to have been laid down by him as a universal rule applicable alike to all cases of this character, but that it was intended, as a perusal of the case will disclose, to be applicable only to the case then before the court, which was one in which the application for temporary allowance was submitted upon the facts contained in the petition alone, and which were meagre and unsatisfactory.
"Because the defendant denies under oath the charge against him, it does not necessarily follow, said Vice-Chancellor Bird, in Tyrell v. Tyrell, 3 Atl. Rep. 266, 267, that alimonypendente lite will be denied; for if that were so such alimony would seldom be ordered in litigated cases.
"While the mere denial of the husband under oath of the charge against him will not necessarily and, it seems to me, ought not, under ordinary circumstances, to relieve him from the payment of preliminary alimony and counsel fee, nevertheless, it seems equally clear, that where his sworn denial is abundantly corroborated, and the case made by the pleadings and affidavits on the preliminary motion is with him by the application of the usual rule concerning the burden of proof, he should not be visited with any interlocutory order for allowances where it appears that the wife left him either because of his alleged extreme cruelty or adultery; because, a wife who leaves her husband does so at her peril, and assumes the burden of making the desertion constructively his by establishing his guilt by clear and satisfactory proof. See Drayton v. Drayton, 54 N.J. Eq. 298,301. And this must be so on application for temporary alimony and counsel fee under the rule laid down in Martin v.Martin, 8 N.J. Eq. 563, 569; Doughtery v. Doughtery, 8 N.J. Eq. 540, *Page 210 
and Glasser v. Glasser, 28 N.J. Eq. 22, as well as on final hearing.
"It is not necessary to review or discuss the facts in the case at bar. The proofs before the court on this motion if not more favorable to the defendant than to the petitioner, at least make her case appear extremely doubtful; and to doubt is to deny. It may be that upon final hearing the petitioner will be able to produce more and stronger proof, and by cross-examination of defendant's witnesses or otherwise, a case may be made which will entitle her to the relief she seeks; but, as the case stands upon the affidavits submitted on this application, I am constrained to the conclusion that the defendant is entitled to prevail. His proofs certainly countervail the petitioner's. Therefore the motion for alimony and counsel fee pendente lite will be denied."