The sole inquiry here, as stated by defendant-appellant, is whether the alimony awarded to complainant-respondent in this suit for separate maintenance is, in amount, "unwarranted and oppressive and not in accordance with appellant's ability to pay."
The master reported that testimony adduced before him disclosed that the capital interest of appellant in real estate inherited from his deceased father, subject to the widow's dower, was in excess of $38,000, and that his proportionate share of the income from the estate was approximately $6,500 per annum; that his individual interest in the estate is liquid at least to the extent of his share of the rentals, and that, on this basis, he has the ability to provide separate maintenance at the rate of $160 per month. It seems to be conceded that, if appellant is in receipt of this income, the award thus made is proper; but it is insisted that appellant was divested of title to his entire interest in his father's estate by a sale under *Page 567 
an execution issued upon two judgments recovered in the supreme court by his brothers, Samuel and Meyer, and the sheriff's deed of conveyance made pursuant thereto, and that, in consequence thereof, he has no interest in the rents accruing from the property so sold. Appellant has no other income; and the crucial inquiry, therefore, is whether he actually is in receipt of the income upon which the award of alimony was concededly based.
The master, conceiving that the issue of the actual divestiture of title to his interest in his father's estate, and the consequent loss of income, were beyond his province, because the judgments were recovered, and the sale of the interest had and deed therefor delivered, after the making of the order of reference, held that the question was one to be dealt with by the chancellor, although he expressed the opinion that the "entry of these judgments and the proceedings thereon only demonstrate the desire of the family to unfairly destroy the complainant's right under the decree heretofore made herein." By exceptions to the report, appellant challenged the existence of a factual basis for the finding of an income justifying the allowance made, and specifically raised the question of defendant's ownership of an interest in the income-producing property which came to him from his father. The learned vice-chancellor, apparently without further inquiry, confirmed the report, and thereupon the decree appealed from was entered.
On the record presented, there is therefore no factual basis for the award made. Respondent's counsel seems to concede this. He speaks of the "expurgated status of the present record," and refers to "the pendency of litigation in the court of chancery whereby an adjudication as to these judgments and execution is being sought," with the observation that the master "was fully informed" of these proceedings. He declares that the abbreviation of the record was pursuant to a stipulation; but our examination of it discloses nothing to show that the parties consented to the elimination of the evidence bearing directly upon this issue. It is evident that respondent is invoking evidence adduced in other proceedings to sustain the award. *Page 568 
The situation therefore seems to be this: The sheriff's deed, conveying appellant's interest in the lands to one of his brothers, pursuant to the sale had under the execution, was introduced in evidence, over the objection of respondent that it was "incompetent," as not relating "to any interest of the defendant at the time of the making of the order" of reference. The master, holding that he had no authority under the order of reference to inquire into this issue, admitted the deed in evidence, "subject to the ruling" of the chancellor. No further evidence on this issue was introduced; and, on the showing thus made, we have reached the conclusion that the decree was erroneous.
There is no prescribed standard for the admeasurement of alimony. It rests in the sound discretion of the court; but the factors which enter into and serve as a basis for the determination must be proved by legal evidence. And the burden of proof is upon the wife.
We agree with the master that this is, on its face, a most suspicious transaction, and is suggestive of fraud. But suspicion is not the equivalent of proof. There must be a factual basis for the award. It cannot rest upon mere suspicion, presumption or conjecture. Compare Walling v. Walling, 16 N.J. Eq. 389;Freeman v. Freeman, 49 N.J. Eq. 102.
The husband's income and property holdings are, of course, material circumstances, and, like all other basic facts, must be established by competent evidence. And it necessarily follows that property fraudulently conveyed by the husband to a third person to defeat the wife's claim for separate maintenance is to be regarded in settling the allowance. But fraud in the conveyance or transfer is not to be presumed; it must be proved.
The decree is therefore reversed, and the cause remanded with direction to proceed to a hearing and determination of the issue in conformity with the views herein expressed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12. *Page 569