# CHARLES C. KEEN

### *v.*

# THE MAPLE SHADE LAND AND IMPROVEMENT COMPANY.

### [Filed March 19th, 1901.]

1. Where the whole frame of a bill of complaint is based upon charges of fraud, and defendants are brought in solely upon such charges, and the proofs fail to show any fraud, the bill must be dismissed, even if there be some evidence of an injury because of mistake.

2. Where damages and not restoration are sued for, because of an alleged contract obtained by an unauthorized misrepresentation, the action must be brought at law.

On bill, answer and proofs.

*Messrs. Carr & Stackhouse,* for the complainant.

*Mr. David J. Pancoast,* for the defendant.

GREY, V. C. (orally).

The complainant in this case, Charles C. Keen, files his bill against the defendant, the Maple Shade Land and Improvement Company, and the individual directors of that company, at the time of its dissolution, praying that they may be dealt with as trustees, and may be decreed to pay to him the amount expended by him on account of the consideration of a contract for the sale of a lot of land, which, he says, he entered into with the Maple Shade company, with interest on the amount of his payments.

The circumstances under which the complainant claims he is entitled to this relief, as stated in his bill, are that the Maple Shade company, in July, 1896, pretended and represented itself to be the owner of lot No. 154 in a plan of lots at Maple Shade,

and entered into a contract for the sale of that lot to him (Keen);
that he (Keen), pursuant to the contract, paid to the company,
in the aggregate, $175 before the time set for the payment,
according to the terms of the contract, of the total amount of
$250. The bill further alleges that afterwards Keen was in-
formed by one of the directors of the company that lot 154 was
not owned by the company, but was owned by one James White,
under a previous conveyance made by the company. The com-
plainant then alleges that he demanded a return of the money,
which the Maple Shade company refused to repay. He states
that he has complied with the agreement, and that the com-
pany has refused to comply with it, and that, since his pay-
ment to the company, it was, on March 3d, 1897, dissolved, on
its own application, by filing a certificate in the secretary of
state's office; that, at the time of the dissolution, the other de-
fendants were its directors; that they thereby became trustees;
that, as such trustees, they were charged with the duty of apply-
ing the assets in payment of the debts of the company, of which
the complainant says his debt was one; that, in spite of that
fact, the directors, acting as trustees, divided the assets between
the stockholders, and refused to pay complainant's debt, so that
no assets remain, and he sets up the rescission of the contract
on his part.

The answering defendants deny any fraud whereby the com-
plainant was induced to make any purchase, and say that the
company never sold, or agreed to sell, the lot to him; that he
never paid any money on account of it, but that they state in
their answer that one Dumaris, without authority from the
company, and pretending to act as its agent, undertook to sell
the lot as agent, but without its authority or consent and ap-
proval, and delivered to the complainant a contract by filling in
the blank form, one of the agreements of the company, which
was signed by the president and secretary; that, at the time
of the making of the agreement, the lot was not the property of
the company, but it belonged to White, a fact well known to
Dumaris. They admit that the company was dissolved as set
forth in the bill, and that, at the time of the dissolution, it was
possessed of considerable assets. They also set up that the bill

of complaint exhibits no ground for relief in this court, and they pray they may be entitled to the same benefit as if they had demurred to the bill.

The facts as they have been presented, and as I find them, are that the company was the owner of a plot of ground at Maple Shade, which had been divided into lots, and that, before Dumaris was authorized to make any sales for the company, some of the lots had been conveyed to the individual owners, one of which was lot 154, which had already been, in fact, conveyed to White.

I am satisfied that there is no element of fraud in the case. Such fraud as is alleged in the bill of complaint necessarily involves an intent to cheat, because the charge is that the company, pretending to own the lot, contracted to sell it to Keen, when it had theretofore sold it to White. The company, as such, never in any way acted in the sale of this lot to Keen, or in contracting to sell it to Keen, unless it acted through Mr. Dumaris. The proofs show that Dumaris was its agent, to be sure, but they also show that Dumaris was its agent to sell its lots, and that, at the time he got authority to sell the company's lots, he was instructed that the company had previously sold some of its lots, and among them this lot No. 154, which it had conveyed to Mr. White. The testimony fails to show that either the company or Mr. Dumaris had any intent to cheat Mr. Keen. The proofs do not lean that way. Mr. Dumaris, who had been authorized by Mr. White also to sell his lots, including No. 154, made a mistake. He supposed, when he arranged with Mr. Keen to sell him lot 154, that it belonged to the company, but it was a mistake which was peculiar to himself, in which the company did not participate. Payments were afterwards made and forwarded to the company, and several receipts were given which are expressed to acknowledge payments to the company on account of lot No. 154. But it has been shown that these receipts were given without any knowledge that lot 154 was one of those lots which had theretofore been conveyed to Mr. White. These receipts were the result of a mistake which Mr. Vanderslice and the other officers of the company have fully

explained, and the proof is clear that these moneys were not receipted for with any purpose whatever to cheat the complainant. It has been conclusively shown that none of these moneys finally passed to and became assets of this company, as this bill alleges. They did not go into the final division of the company's assets, and were not expended to pay the company's debts, or in the final distribution of its assets to its stockholders.

The whole case shows that Mr. Dumaris plainly made a mistake in inserting lot 154 in the contract as an undertaking by the company to convey the lot to Keen. In doing this he was outside of the authority given him by the company. The only phase of the question presented which tends to support any claim by the complainant is the contention that the company is called upon to answer for the mistake that Dumaris made, because he claimed to be acting in and about the conduct of this company's business. Mr. Keen is plainly not at fault. But he has not, in his bill of complaint, put his case upon any allegation of mistaken agreement. The charge in the bill is that the company made the contract as part of a fraudulent contrivance to cheat Mr. Keen, by pretending to own the lot and agreeing to convey to him, and taking his money therefor, when the lot, in fact, belonged to somebody else. The weight of the evidence wholly refutes this charge.

It is not a case for restoration of purchase-money, because of fraudulent contract, for the reason that the company neither authorized the contract nor committed any fraud. Nor did it either receive the purchase-money or insist upon performance of the contract. The case made by the bill fails.

If there be any claim by the complainant against the Maple Shade company it must be one purely for damages for an unauthorized misrepresentation by its agent. No such case is alleged in the bill, and all the elements which might go to support it appear only in the proofs. It would be an injustice to the defendant to consider a case so entirely outside of the allegations of the bill. Such a case is also open to the fatal objection that the remedy must be sought in the law courts. *Krueger* v. *Armitage, 13 Dick. Ch. Rep. 357,* approved by the

court of appeals in *Polhemus* v. *Holland Trust Company, 14 Dick. Ch. Rep. 93.*

The only case which can be considered is that presented by the bill of complaint. This the complainant has failed to sustain by his proofs. The bill must be dismissed, with costs.