ALBERT M. JORDAN

*v.*

WILLIAM A. LOGUE, substituted administrator, &c., et al.

[Submitted November 4th, 1909. Decided December 28th, 1909.]

1. A creditor whose claim has been barred by a rule of the orphans court barring creditors, cannot maintain a bill in the court of chancery to draw the administration into that court, in the absence of averments in the bill showing the necessity therefor.

2. Statutory rights of such barred creditor defined.

On demurrer to bill.

*Mr. Edward Ambler Armstrong* and *Mr. Clarence L. Cole,* for the demurrants.

*Mr. John J. Crandall,* opposed.

LEAMING, V. C.

I am unable to conclude that a court of equity should entertain the present bill. The remedies afforded to complainant by the courts of law appear to be entirely adequate, and I find no reason for the exercise of equitable jurisdiction.

Complainant's rights and remedies as a creditor, who has failed to file his claim with the administrator of his debtor prior to the entry of the rule to bar creditors, appear to be well defined.

So far as the personal estate of the deceased debtor is concerned, the effect of the rule to bar is defined by section 70 *et seq.* of the Orphans Court act. *P. L. 1898 p. 740 et seq.* If there is a surplus at the settlement of the estate, such creditor may then present his claim to the administrator and be paid to the extent that the surplus is found sufficient for that purpose. If the claim so presented is disputed by the administrator, distribution is suspended until suit is brought to determine the validity of the

claim. Such a creditor is also entitled to be paid, ratably with other like creditors, from such assets as he may find which have not been accounted for at final settlement. When an administrator without reasonable cause fails to make final settlement of his account within one year, or apply for a decree of distribution within three months after final settlement, the orphans court may extend to such creditor the same relief he would be entitled to in case the final account had been passed and refunding bonds taken for legacies and distributive shares. Under this section (section 80) it has been held that the barred creditor has a status which enables him to except to the accounts of an administrator. *Equitable Life* v. *Chelsey, 63 N. J. Eq. (18 Dick.) 219; S. C., 64 N. J. Eq. (19 Dick.) 348.* The act also affords protection to barred creditors by a requirement of refunding bonds for their benefit when distribution is made by an administrator.

As to real estate, which passes to heirs and devisees, our statute for the relief of creditors against heirs and devisees (*2 Gen. Stat. p. 1679*) renders such heirs and devisees liable to creditors of the testator or intestate to the extent of assets by them severally received. The remedy under this statute is at law. *Mutual Life Insurance Co.* v. *Hopper, 43 N. J. Eq. (16 Stew.) 387, 389; S. C., 44 N. J. Eq. (17 Stew.) 604; Edwards* v. *McClave, 55 N. J. Eq. (10 Dick.) 151, 155; S. C., 55 N. J. Eq. (10 Dick.) 822; Acton* v. *Schullz, 69 N. J. Eq. (3 Robb.) 6, 8.*

With these rights and legal remedies afforded to a creditor whose claim has been barred by a rule of the orphans court barring creditors, I am unable to discern wherein the present bill discloses a necessity for the intervention of this court. In so far as the purpose of the bill may be to draw the administration of the estate to this court, it fails to present any special reasons calling for such action. It is well settled that while this court may assume jurisdiction, to the exclusion of the orphans court, in the settlement of accounts of executors and administrators in any case where the ends of justice may seem to require it, it should not do so where any progress has been made in the orphans court for that purpose unless there is shown some good reason for such course. See *Filley* v. *Van Dyke (Court of Errors and Appeals), 75 N. J. Eq. (5 Buch.) 571,* and cases there collected.

The present bill suggests no maladministration or negligence or irregular conduct or conflict of interests, or even complicated features in connection with the settlement now in progress in the orphans court. If a discovery of assets is necessary this court might appropriately assume jurisdiction for that purpose, but the bill does not disclose that necessity; and before this court is called upon for that purpose, it should at least appear that assets may exist which could not be ascertained by a mere inquiry from the parties from whom discovery is sought. The bill also avers that "the resources of the said inventory largely exceed the debts and legal claims against the same." If this be true, complainant's claim, if established, will be paid by the administrator at final settlement. If, however, there is danger that the surplus of personal assets, after the payment of the claims filed within the statutory period, will be insufficient to pay complainant's claim, this court might appropriately enjoin the sale of real estate by the heirs and devisees, if danger of such action on their part exists. The personal property is primarily liable for the payment of debts, and an heir is entitled to have it so applied; at the same time a creditor is entitled to have the real estate applied to the payment of debts if the personal property is insufficient. But the bill fails to show a probable insufficiency of personal assets and discloses no attempt to ascertain the possibility of such deficiency, and does not seek injunctive relief of the nature suggested. The obvious purpose of the bill is to remove the administration of the estate from the orphans court to this court. I see no advantage to be gained by such course. In an administration in this court the assets must be applied as they would be applied in the probate court. *Coddington* v. *Bispham, 36 N. J. Eq. (9 Stew.) 574, 578; Edwards* v. *McClave, supra.* In the absence of averments in the bill disclosing a necessity for the removal of the administration to this court, I am unable to conclude that this court can properly grant any relief under the bill as framed.

This view renders it unnecessary to consider the question of non-joinder.

I will advise an order sustaining the demurrer.