HENRY KUEPER, complainant-respondent,

*v.*

PYRAMID BOND AND MORTGAGE CORPORATION et al., defendants-appellants.

[Submitted May term, 1934.   Decided October 5th, 1934.]

*Mr. Israel B. Greene* and *Mr. Frederick H. Samuels,* for the defendants-appellants.

*Mr. Irving Piltch,* for the complainant-respondent.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from an order made by Vice-Chancellor Stein, denying the defendants' motions to dismiss the complainant's bill of complaint, and vacating a previous order made by him, dismissing the bill of complaint.

The complainant's bill of complaint charges that on July 1st, 1929, the complainant was induced to subscribe for and purchase a number of shares of the capital stock of the defendant Pyramid Bond and Mortgage Corporation (hereinafter referred to as Pyramid Corporation) by the fraudulent and deceitful representations of one Idelberger, a stock salesman of said Pyramid Corporation; that relying upon said representations and believing them to be true, the complainant paid the sum of $2,200 to said Pyramid Corporation, and that upon discovery of the fraud he rescinded the purchase and demanded the return of his money, which the defendants have refused to repay.

The bill further alleges that because of other suits of a similar nature which have been instituted against the Pyramid Corporation in the State of New Jersey, it has given up its license to do business in the State of New Jersey and has withdrawn from the state its registered agent, thereby manifesting its intention to remove its business and its assets out of the state and out of the jurisdiction of the court; and that in anticipation of said lawsuits and upon learning of the fraudulent representations made by its agent, Idelberger, the said Pyramid Corporation did without consideration, assign and convey all of its assets to subsidiary corporations.

The bill prays discovery, and that an injunction issue

restraining the Pyramid Corporation from instituting another suit at law or otherwise to compel the complainant to pay the balance of the subscription price and that the subscription to the stock be declared to be null and void and set aside, and that the assignment of the assets to the subsidiary corporations be set aside and decreed to be null and void for fraud and lack of consideration; and that the court issue a writ of sequestration; and complainant prayed that he might have such other and final relief as the court shall deem fair and proper.

On motion of the defendants the vice-chancellor at first dismissed the bill of complaint because the complainant had an adequate remedy at law. The court's opinion appears in *113 N. J. Eq. 376.*

Upon a reargument of the cause the vice-chancellor vacated the order of dismissal and denied the defendants' motions to strike the bill of complaint, giving, in a letter written to the counsel of the respective parties, as his reason for his change of viewpoint that while the bill alleged facts which would constitute fraud at law, as well as in equity, yet the requirements with reference to fraud in equity being less exacting, it may well be that upon the proofs at law, the complainant would not have that complete remedy which is vouchsafed him in equity.

Appellants say that the order appealed from was erroneous because the complainant has an adequate remedy at law, and further because the appellants are entitled to a trial by jury at law. Prior to the decision of this court in *Eggers* v. *Anderson, 63 N. J. Eq. 264,* the court of chancery uniformly held that it had jurisdiction in all matters of fraud, excepting fraudulent wills, and that the mere fact that there was an adequate remedy at law was no objection to the exercise of its jurisdiction. But in *Eggers* v. *Anderson* there was a definite departure from the prior decisions, for in that case the court of chancery, although conceding that it had general jurisdiction in all matters of fraud, nevertheless held that "when the remedy at law is plain, adequate and complete, the court of chancery is reluctant to exercise the jurisdiction,

and will not do so, unless the administration of justice would thereby evidently be facilitated."

Appellants say that the same rule was reiterated in *Commercial Casualty Co.* v. *Southern Surety Co., 100 N. J. Eq. 92; affirmed, 101 N. J. Eq. 738,* wherein the court cited *Eggers* v. *Anderson,* and remarked that the doors of equity "have not been as freely open to all manner of fraud since the law courts have taken upon themselves to grant relief in some cases of fraud; that when the primary right is legal, and the jurisdiction of the law courts is concurrent, and if the remedy at law is adequate, certain and complete, equity remains passive; that equity remains inactive only in that class of fraud that are recognized and remediable at law."

This case is also relied upon by the respondent. After reading the entire opinion in said case (rather than the excerpts cited by counsel of appellants), we are inclined to agree with the respondent that it supports the final decision of the vice-chancellor to hold the bill of complaint rather than his first decision to dismiss it.

The court therein said that "the complainants are not reduced to the single and narrow ground assigned in their bill in maintaining their suit. The concurrent jurisdiction of the law courts to relieve against deceitful representations does not abridge equity's jurisdiction to grant relief on that score * * *. The complainants are not to be put to the hazard at law when the requirements are less exacting."

The court then cited *Schoenfeld* v. *Winter, 76 N. J. Eq. 511,* which was heard on demurrer to a bill to rescind a contract on the ground of deceitful misrepresentation and to restrain an action at law in *assumpsit* arising out of the contract (*Winter* v. *Schoenfeld, 78 N. J. Law 92*), wherein Vice-Chancellor Howell overruled the demurrer and said (in an opinion affirmed by this court in *Schoenfeld* v. *Winter, 79 N. J. Eq. 219,* on the vice-chancellor's opinion), that:

"While the bill sets out a common law action for deceit, this does not interfere with the jurisdiction of equity. In order to set aside a contract founded in fraud, it is only necessary in equity to prove that the representation upon

which the action is founded is false, that it is material, and that damage has ensued; while at the common law the proof must go to the extent of satisfying the jury that the defendant knew that the statement relied upon was false. It will therefore be seen at a glance that the remedy in equity is much broader and much more efficient than the remedy at law could be. It was held in *Morse* v. *Nicholson, 55 N. J. Eq. (10 Dick.) 705,* that in a case where the jurisdiction of the courts of law and equity for the redress of frauds was concurrent the court of equity should entertain the cause, and determine it upon its merits, provided that adequate relief could not be obtained at law; and this, I take it, is a general rule which ought to be applied in the discretion of the court to cases of fraud where there are concurrent remedies."

Assuming, as we must, on the motion to dismiss, that the statements made by the defendant agent of the Pyramid Corporation to the complainant for the purpose of inducing him to purchase the stock were false, the inquiry arises, were they material? Representations to the complainant, who could not speak, read or write the English language, that Pyramid Corporation was similar to building and loan associations and savings banks, in which complainant had invested his money but that he would reap a greater profit, running from eight per cent. to ten per cent., and that the money could be paid in and withdrawn at any time he desired, without any cost or loss of profit whatsoever; and that the Pyramid Corporation was a very large organization and investors were withdrawing their moneys from building and loan associations and savings banks to invest with the Pyramid Corporation, if untrue, as alleged in the bill of complaint, were material misstatements of sufficient consequence to justify the complainant in seeking a rescission of his purchase.

One of the principal reliefs asked in the instant case is that a rescission of the subscription contract may be decreed, and the defendants required to refund the money obtained on the strength of such false statements. The right to appeal to the court of chancery for the annulment of the subscription agreement, and, as an incident thereto, the restitution

of the money thus unlawfully obtained, seems to be clear, even if a remedy exists at law. The court of chancery has ample power to administer complete relief. *Hubbard* v. *International Mercantile Agency, 68 N. J. Eq. 434.*

*Eggers* v. *Anderson, supra,* cited by appellants, is not authority to the contrary, but actually warrants the court in holding complainant's bill. Nor do we understand the case of *Krueger* v. *Armitage, 58 N. J. Eq. 357,* also cited by appellant, to be in conflict with this principle.

The *Krueger Case* was merely a bill for pecuniary damages and did not ask for rescission or other equitable relief. The complainant in the instant case not only asked for rescission but also an injunction restraining the defendants from instituting suits at law for the balance of the purchase price of the stock.

For his complete protection he needs, if he makes out a case after a full hearing, and is entitled to the surrender of his subscription contract an immunity from law suits.

The views expressed by Vice-Chancellor Leaming in *New York Life Insurance Co.* v. *Steinman, 103 N. J. Eq. 403,* touching the right of a court of equity to entertain a bill of this general nature are pertinent to the instant case. "They are to the general effect that the existence of a complete defense, based on fraud, in a court of law, falls short of and does not ordinarily constitute such an adequate remedy for the defendant as should impel a court of equity to refuse to entertain a bill filed by the defrauded party for cancellation and surrender of the contract, since the opportunity to make that defense may be lost, or the ability to make it may be weakened, by studied delay of the other party; and, further, that mere defense at law does not embrace the equitable relief of cancellation or surrender of a contract."

We think that the vice-chancellor's decision to retain the bill of complaint was, under the circumstances of this particular case, a proper exercise of a power resting in the sound discretion of the court.

We are of the opinion that the order of the court of chancery should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, BO-DINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, JJ.   8.

*For reversal*—PARKER, LLOYD, CASE, DONGES, VAN BUS-KIRK, KAYS, JJ.   6.