Martha Thomas and Rose Yow, complainants,

*v.*

Walter Thomas et al., defendants.

[Decided October 19th, 1942.]

*Mr. Harvey Bein (Mr. James Rosen, of counsel), for the motion.*

*Mr. Vincent M. Rieman (Mr. Cyril J. McCauley, of counsel), for the complainants.*

Fielder, V. C.

The bill leaves much to inference and presumption, as well as to imagination. It can be inferred from its allegations that Emilie Wallen died intestate December 2d, 1941, leaving as her next of kin her four children, Martha Thomas, Rose Yow, Walter Thomas and Rudolph Thomas (the first two of whom are complainants and the last two are defendants, together with Bertha Thomas, wife of Walter Thomas), and that letters of administration were granted on decedent's estate to said Walter Thomas by the surrogate of Hudson County.

The bill alleges that at her death decedent owned (a) a first mortgage of $3,000 on Sixty-second Street property, which property was owned by Walter Thomas; (b) a second mortgage of $2,000 on Nelson Avenue property, which property was also owned by Walter Thomas and which mortgage was subject to a first mortgage of $3,500 held by Rudolph Thomas; (c) a claim of $500 against Walter Thomas for money loaned; that Walter and Rudolph Thomas fraudulently obtained from complainants satisfaction of said mortgages and divers other agreements (not named) and renunciation of right to administration, bond, mortgage and deed, with intent to defraud them of their interests in the estate of decedent by promising both complainants on or about December 23d, 1941, that Martha Thomas "could live rent free for the rest of her life" in the Nelson Avenue property, if complainants would sign certain papers to effect such purpose, whereupon complainants signed an agreement, a copy of which is annexed to the bill and made part thereof, dated December 23d, 1941; that relying on the aforesaid promise made by Walter and Rudolph Thomas, complainants executed (a) renunciations (not mentioned in the agreement) of their right to administration in favor of Walter Thomas; (b) satisfaction dated January 3d, 1942, of the $3,000 first mortgage on Sixty-second Street property; (c) satisfaction of same date of the $2,000 second mortgage on Nelson Avenue property. (Both according to the terms of the agreement.)

The complainants do not claim that they executed the agreement or performed acts thereunder without fully understanding what they were doing, or that they were induced to execute the agreement and the documents therein mentioned, by misrepresentation as to their effect on complainants' rights and interests. The sole complaint is that they were induced to execute it because of a certain promise made to them by Walter and Rudolph Thomas. The agreement presumably contains the entire terms concerning the manner of settlement of decedent's estate then agreed on, and it is absolutely silent as to the claimed right of Martha Thomas to live in the Nelson Avenue property rent free for her life. Com-

plainants seek to add, by oral testimony, a further provision or condition to those definitely stated without alleging that such provision was omitted by defendants' fraud or by mistake of the parties.

The agreement provides that Walter Thomas and wife will convey the Nelson Avenue property to Martha Thomas, and it is to be inferred from various allegations of the bill that such conveyance was duly made. If Walter and Rudolph Thomas had theretofore orally promised complainants that Martha Thomas could have free occupancy of that property for her life, and whether or not the promise was enforceable under the statute of frauds (*R. S. 25:1-1; N. J. S. A. 25:1-1*), that conveyance was performance of their promise so far as said defendants could possibly perform, and thereafter whether Martha Thomas occupied said property for her life was dependent solely on her own acts.

The agreement further provides that after Martha Thomas shall have taken title to the Nelson Avenue property, Rudolph Thomas will advance all necessary money required to pay all just debts and expenses of decedent's estate and that Martha Thomas will execute to him a bond and first mortgage thereon in the sum of $3,500, "plus the additional sum of money to be determined, which the said Rudolph Thomas will expend in payment of the debts of decedent." Despite her claim for a life interest in the Nelson Avenue property by virtue of a promise to which Rudolph Thomas was a party, Martha Thomas executed to him a mortgage thereon, dated January 5th, 1942, for $4,900 without reservation of her claimed interest in the mortgaged premises. That mortgage was in the nature of an absolute conveyance of her entire interest in said property subject only to her right of redemption.

The bill further alleges that by deed dated January 7th, 1942, Martha Thomas conveyed the Nelson Avenue property to Rudolph Thomas free and clear of encumbrances. The agreement annexed to the bill does not call for the execution of such a deed and the reason for its execution, or the circumstances under which it was executed, are not stated in the bill. The next succeeding paragraph thereof contains the

allegation that the defendants procured the execution of "said papers" by complainants, by fraud and deceit in that they lied when they said that as a result thereof Martha Thomas would be able to live rent free for the rest of her life in the Nelson Avenue property, and that they have failed to keep such promise. If by "said papers" complainants intend to include the deed from Martha Thomas to Rudolph Thomas, I consider this allegation of a promise to be merely a reiteration of the charge that such promise was made December 23d, 1941, because there is no allegation that a new promise was made January 7th, 1942, when Martha Thomas by her deed conveyed away her entire interest in the property without reservation. The bill further alleges that complainants are informed and believe that Rudolph Thomas sold the Nelson Avenue property July 8th, 1942, to an innocent purchaser for $4,500 cash.

The prayers of the bill are that an account be taken of the amounts due complainants from the estate of decedent and that defendants be decreed to pay such sums; that Walter Thomas be ordered to resign as administrator of the estate in favor of a substituted administrator appointed by this court; that Rudolph Thomas be ordered to pay complainants their share of the proceeds of sale of the Nelson Avenue property; that Walter and Bertha Thomas be ordered to execute to complainants a first mortgage on the Sixty-second Street property in such amount as this court finds complainants are entitled to, or pay such amount to complainants in cash; that defendants Walter and Bertha Thomas be decreed to hold title to the Sixty-second Street property in trust for complainants and be ordered to sell said property and pay complainants the amount found by this court to be due them.

The defendants argue that the bill fails to set out with certainty and particularity, facts from which the existence of fraud may reasonably be deduced or inferred, but I find no merit in the contention. The rule of equity pleading merely requires complainants to particularize the fact or facts constituting the fraud claimed, so that defendants may have

a full opportunity for denial or explanation. Here the allegation is that complainants were induced to execute the agreement annexed to the bill and certain other papers, on defendants' promise made prior to and as an inducement for such execution, that one of the complainants would be entitled to a stated right in a certain piece of real property, which promise defendants failed to perform. I consider the fraud charged to be definitely stated and that it is the sole fraud charged against defendants.

If such promise was made and it was binding on defendants, for a breach thereof defendants can now be called on to respond only in damages, the property to which it is claimed Martha Thomas' right was to attach being now in the ownership of an innocent third party. For recovery of money damages complainants must resort to the law courts. *Polhemus* v. *Holland Trust Co., 61 N. J. Eq. 654; 47 Atl. Rep. 417; Eggers* v. *Anderson, 63 N. J. Eq. 264; 49 Atl. Rep. 578; Keuper* v. *Pyramid Bond and Mortgage Corp., 113 N. J. Eq. 376; 166 Atl. Rep. 923; affirmed, 117 N. J. Eq. 110; 174 Atl. Rep. 723; New Amsterdam Casualty Co.* v. *Mandel, 115 N. J. Eq. 198; 170 Atl. Rep. 19; affirmed, 116 N. J. Eq. 48; 172 Atl. Rep. 364; Pridmore* v. *Sleneck, 122 N. J. Eq. 35; 191 Atl. Rep. 861.*

If complainants assert as the basis for the relief for which they pray, an oral promise or agreement made contemporaneous with the conveyance by Martha Thomas to Rudolph Thomas that the grantor should retain what amounts to a life estate in the conveyed premises, such agreement, being required by the statute of frauds to be put in writing, is unenforceable, no actual, positive fraud in connection with that conveyance being charged against the promisors. *R. S. 25:1-1; N. J. S. A. 25:1-1; Brands* v. *Cassedy, 124 N. J. Eq. 417; 1 Atl. Rep. (2d) 639; affirmed, 125 N. J. Eq. 346; 5 Atl. Rep. (2d) 685; Droutman* v. *The E. L. & M. Garage, Inc., 129 N. J. Eq. 545; 20 Atl. Rep. (2d) 75.* In any event, Martha Thomas cannot now be heard to assert a claim which is in derogation of the estate granted by said conveyance. *Dieckman* v. *Walser, 114 N. J. Eq. 382; 168*

*Atl. Rep. 582; Blumberg* v. *Weiss, 129 N. J. Eq. 34-39; 17 Atl. Rep. (2d) 823.*

It is not perceived on what theory the complainant Rose Yow claims to have suffered damage at the hands of defendants. The benefit from the promise alleged to have been made by Walter and Rudolph Thomas was to accrue only to Martha Thomas and if such promise was made, it did not fail of performance. Failure to realize its benefits after performance resulted from the act of the beneficiary in subsequently conveying away her beneficial interest. Nor is it perceived that Bertha Thomas, wife of Walter Thomas, is properly.named as a defendant and relief. sought against her. She had no interest in the decedent's estate. She was a party to the agreement annexed to the bill merely for the purpose of agreeing to join with her husband in executing a deed for the Nelson Avenue property to Martha Thomas. The bill does not allege that she participated in any way in the fraud charged against her husband and Rudolph Thomas.

Upon the facts and for the reasons hereinabove stated, I conclude that complainants are not entitled to that part of the relief prayed which is based on the alleged promise made to complainants by Walter and Rudolph Thomas.

As.to .the other prayers for relief. The bill fails to present any special reasons why any part of the administration of decedent's estate should be taken over by this court. When .it appears, as here, that such administration can be had in an Orphans Court and the relief sought by complainants can be had fully and adequately in such court, this court should not undertake to exercise its concurrent jurisdiction with the Orphans Court to grant such relief. *Jordan* v. *Logue, 76 N. J. Eq. 471; 79 Atl. Rep. 426; Summerill* v. *Summerill, 99 N. J. Eq. 502; 134 Atl. Rep. 113; Civic Enterprises, Inc.,* v..*Mechanics, &c., 115 N. J. Eq. 66; 169 Atl. Rep. 696; Clayton* v. *Asbury Park, &c., Bank, 115 N. J. Eq. 480; 171 Atl. Rep. 502; Brown* v. *Fidelity Union Trust Co., 128 N. J. Eq. 197; 15 Atl. Rep. (2d) 788.*

An account of the amounts due complainants from the estate of decedent can be had in the Orphans Court. The

administrator is required by law to account there and may be cited by that court to do so (*R. S. 3:1-2; N. J. S. A. 3:1-2*) but he is not required to file his account until one year after his appointment (*R. S. 3:10-5; N. J. S. A. 3:10-5*), which time does not appear to have expired. It must be presumed that he will comply with the statute, but if he does not, he is subject to be cited to do so (*R. S. 3:1-2; N. J. S. A. 3:1-2*), and if he fails to obey the citation he will be removed (*R. S. 3:10-20; N. J. S. A. 3:10-20*). If he fails to include in his account the sum of $500 which the bill alleges he owes the estate, exceptions may be filed to his account (*R. S. 3:10-16; N. J. S. A. 3:10-16*) and an order for discovery may issue against him out of that court (*R. S. 3:13-10; N. J. S. A. 3:13-10*). He is also subject to removal from his office by the Orphans Court (*R. S. 3:12-4; N. J. S. A. 3:12-4*), and it seems that power to remove him does not reside in this court. *Bentley* v. *Dixon, 60 N. J. Eq. 353; 46 Atl. Rep. 689.*

Defendants' motion to strike the bill of complaint will be granted.