## MUTUAL LIFE INS. CO. OF NEW YORK v. CHAMBERLIN et al.

### No. C–2270.

District Court, D. New Jersey.

Oct. 14, 1943.

Collins & Corbin, by Edward A. Markley, all of Jersey City, N. J., for plaintiff.

J. Conner French and Louis Rudner, both of Trenton, N. J., for defendants Joseph H. Chamberlin and Real Estate Finance Co.

Tyler & Tyler, of New York City, for defendant Hewston-Reich & Co., formerly known as Joseph H. Chamberlin, Inc.

FORMAN, District Judge.

This is a motion made by defendants to dismiss and to strike out the first seven counts of the plaintiff's complaint on the grounds that each of these counts fails to state a cause of action and that each of these counts, based on fraud, fails to affirmatively allege as an essential element thereof that "the alleged representations were knowingly made and fraudulent in design, and constitute moral fraud."

This action was brought by the plaintiff insurance company to recover disability benefits paid by the plaintiff to the defendants under the terms of six policies of insurance covering the health of the insured, defendant Joseph H. Chamberlin, upon the strength of statements concerning the health of the insured contained in proofs of total and permanent disability submitted by the defendants, which statements are alleged to be fraudulently misrepresented.

The complaint consists of fourteen counts. Plaintiff charges, in Counts 1 to 7 inclusive, that defendant Joseph H. Chamberlin, with the knowledge and approval of the other defendants, falsely and fraudulently submitted proofs of the total and permanent disability of said Joseph H. Chamberlin for the purpose of inducing plaintiff to pay to the defendants disability benefits under the six policies of insurance; that the defendants knew *or should have known* that the statements contained in said proofs were false and untrue; that the defendants intended that the plaintiff should rely upon the truth and correctness of the statements and representations submitted; that said statements and representations were material and that plaintiff did rely upon their truth and correctness to its detriment; that plaintiff paid disability benefits to the defendants in reliance thereon. Counts 8 to 14 contain the same charges made in Counts 1 to 7, except that it is charged that the defendants *knew* that the statements and representations made in the aforesaid proofs were false and fraudulent.

The plaintiff contends that the first seven counts of its complaint are predicated upon the theory of equitable fraud and that the last seven counts are based upon legal fraud. The plaintiff argues that the Rules of Civil Procedure allow the joinder of equitable and legal causes of action in the same complaint.[1] It submits that the sufficiency of the complaint must be determined by the laws of New Jersey which make the following distinction between equitable and legal fraud: in actions at law knowledge by the defendant of the falsity of the representation must be proven to sustain the action whereas such knowledge need not be proven in suits in equity. The plaintiff argues that equitable relief is available in an action to recover sums of money based on allegations of fraud where there is no adequate remedy at law. It concedes that under the laws of New Jersey it can only recover in an action at law if scienter is established by the evidence, *but insists that it can proceed in an* equitable action to recover its money outlay upon proof of misrepresentations made without knowledge.

The defendants contend that the Rules of Civil Procedure did not alter the distinction between an action at law and a .suit in equity, but that the objectionable counts pleaded in this complaint constituted no equitable cause of action either before or since the adoption of the Rules of Civil Procedure. The defendants argue that the plaintiff is attempting an action at law for fraud and deceit and has not alleged in the first seven counts that the representations

---

[1] "There shall be one form of action to be known as 'Civil Action'". Rule 2, 28 U.S.C.A. following section 723c.

"The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. * * *" Rule 18, 28 U.S.C.A. following section 723c.

were knowingly made and fraudulent in design and constitute moral fraud. They point out that the action is for a specific sum of money. There is no demand for equitable relief, such as injunction, rescission or cancellation, and therefore the claim constitutes an action in the nature of money damages at law. The defendants further contend that a defrauded party has a choice of two remedies, either to restore the property and recover what he has paid in equity or to affirm the contract and sue at law for damages, but that he cannot pursue both remedies.

■ The sufficiency of this complaint is governed by the New Jersey law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In support of its contention plaintiff submits, among others, the cases of Eggers v. Anderson, 63 N.J.Eq. 264, 49 A. 578, 55 L.R.A. 570; Moore v. Baker, 62 N.J.Eq. 208, 49 A. 836; Commercial Casualty Insurance Company v. Southern Surety Company of Des Moines, Iowa, 100 N.J.Eq. 92, 135 A. 511, affirmed 101 N.J.Eq. 738, 138 A. 919; Metropolitan Life Insurance Company v. Tarnowski, 130 N.J.Eq. 1, 20 A.2d 421. In each of these cases some form of equitable relief is sought. In no case referred to by the plaintiff is a sum of money alone demanded.

■ In the instant case plaintiff alleges material representations made by the defendants which the defendants knew were false and untrue, or which the defendants *should have known* were false and untrue. The plaintiff bases its right to obtain relief solely on allegations of equitable fraud or innocent misrepresentations and asks for nothing more than the recovery of money damages.

The defendant cites, among others, the case of Krueger v. Armitage, 58 N.J.Eq. 357, 44 A. 167. In this case equitable relief was sought to recover money paid for stock purchased under false representations knowingly made. While the court recognized concurrent jurisdiction at law and in equity over fraud, it refused equitable relief on the ground that the remedy at law was adequate and that no equitable relief was sought, a demand being made for money damages only. This case has received approval[2] and distinction[3] in later New Jersey cases.

The present case poses the claim for equitable jurisdiction where there is a likelihood of *inadequate* remedy at law, but makes demand for money damages only without other equitable relief.

The plaintiff implies that it may not be able to prove the case it sets out in Counts 8 to 14 by its failure to establish misrepresentations which were *knowingly* made by the defendants and therefore it may not be in a position to recover at law. The mere fact that the legal remedy of the plaintiff may thus be thwarted does not of itself entitle it to an equitable action. It appears to follow logically that the plaintiff should bring its complaint within a framework that will sustain relief cognizable in an equitable action. If plaintiff is exempted from such a requirement and permitted to project itself into court solely because it fails to meet the requirements of the action at law, the defendants may lose rights which should be accorded to them. For instance, in this case if because of innocent misrepresentations the plaintiff has paid disability benefits to the defendants and if the defendants ceased to pay the premiums due on the policies of insurance at the time the disability payments were allowed, recovery may be had by the plaintiff of the disability payments made to the defendants and the ultimate protection of the policies could be lost to the defendants under a claim by the plaintiff that the defendants failed to meet the premium payments. This would result in distinct inequity for the defendants.

I am aware that the alleged misrepresentations made here were contained in proofs of claim rather than in applications for policies and therefore probably fail to constitute a basis for the cancellation of the policies or the rescission of the contracts of insurance. However, this in itself cannot excuse plaintiff from grounding its equitable action on a foundation that will support a demand for equitable relief. In this, the first seven counts of plaintiff's present complaint fail and the motion to strike them must be granted.

Such an order accordingly may be taken by the defendants.

2 Keen v. Maple Shade Land Co., 61 N. J.Eq. 497, 48 A. 596; Polhemus v. Holland Trust Co., 61 N.J.Eq. 654, 47 A. 417.

3 Schoenfeld v. Winter, 76 N.J.Eq. 511, 74 A. 975; Keuper v. Pyramid Bond & Mtge. Corp., 117 N.J.Eq. 110, 174 A. 723.